O. M. ADAMS, Appellant, v. INCORPORATED TOWN OF WEST LIBERTY, Appellee.

MARCH 6, 1928.

*J. F. Devitt* and *J. E. McIntosh,* for appellant.

*Robert Brooke,* for appellee.

EVANS, J.—The town of West Liberty, by appropriate procedure in 1925, ordered a certain paving project, which was duly carried out. The plaintiff was, and is, the owner of property abutting upon such improvement. The following plat will be an aid to the discussion:

The plaintiff's property is referred to as an out-lot within the corporate limits of West Liberty. It lies more than one-half mile to the north from the post office in the business part of the town. The paving was laid both upon Columbus Street and upon Maxson Avenue, abutting upon the plaintiff's property to its full dimensions. The controversy between the parties is reduced to a question of fact. The field of dispute which the parties have mutually adopted is the question of the value of plaintiff's tract after the improvement was completed, and whether the assessment levied exceeded 25 per cent of such actual value. Several of the more candid witnesses on behalf of plaintiff fixed the value of plaintiff's tract subsequent to the

improvement at "about $2,500." Other witnesses fixed it at a much lower price,—the lowest estimate being put at $50 to $75 per acre for the tract. The acreage involved is less than four acres. So that the plaintiff's evidence presents a range running from $200 to $2,500.

The witnesses for the defendant town, most of whom were members of the city council, fixed the value at approximately $5,000. In the consideration of this conflicting evidence, and in the weighing thereof, we are quite as much concerned with the various reasons given for the estimates as we are in the estimates themselves. For the plaintiff it is said that the property was used as a cow pasture, and was, therefore, nothing more. The tendency of the witnesses was to predicate estimates upon the basis of farm value. Remoteness from the business part of town, want of improvement of the property, want of demand for city property, want of growth on the part of the town, abundance of vacant properties, improved and unimproved, looking for purchasers without avail, are among the more potent reasons which influenced the estimates on the part of plaintiff's witnesses. These reasons are minimized by the defendant, with a considerable showing in support of larger estimates. It appears that Columbus Street is one of the main streets of the town. It is a part of State Highway No. 76. North Columbus Street, which includes the improvement, is generally regarded as being in the most desirable residence section of the town. The south line of plaintiff's property would represent an extension of Tenth Street. Columbus Street is all built up with good residences on both sides from the business part of the town to Tenth Street, save as to one block of low ground between Eighth Street and Seventh Street, and save one lot of 54 feet in width, lying on plaintiff's south line, and owned by his mother-in-law. The sidewalk extends from the town along Columbus Street to the last named lot, and comes, therefore, within 54 feet of plaintiff's property. The electric lights of the town are extended along Columbus Street and Maxson Avenue to the full dimension of plaintiff's property. A street light is maintained at the northeast corner of plaintiff's property. The town sewer extends up Columbus Street to the plaintiff's south line. A water pipe extends along Columbus Street for the full length of plaintiff's property. A fire plug

is placed at plaintiff's southeast corner. In the water line T's have been placed, 60 feet apart, along the line of plaintiff's property, for the prospective use of future occupants. The topography of plaintiff's property is well adapted to residence lots. At plaintiff's request, the dirt removed in the construction of the improvement was used to grade the parking on Columbus Street in front of plaintiff's property. In 1926, a vacant lot of 60 feet of frontage on Columbus Street, less than 400 feet south of plaintiff's property, was sold for $1,200 cash. Two residences have been built on platted lots on the east side of Columbus Street opposite plaintiff's property. Another has been built across the northeast intersection from plaintiff's property. On Maxson Avenue, northwest of plaintiff's property, has been built the best residence in town. Calhoun is a north and south street, running parallel with Columbus, and lying 120 feet west of plaintiff's property. It is all built up from Maxson Avenue to the business part of the city. Witnesses for the defendant were of the opinion that all the frontage of plaintiff on Columbus Street and on Maxson Avenue would be worth at the rate of $800 for 60 feet of frontage and 150 feet of depth. The plaintiff bought the property in 1912 at a price of $2,000. He contends, however, that he took it in exchange for worthless notes. He hardly contends, however, that he gave no value for it. The foregoing indicates in a general way the pros and cons which have operated upon the estimates of the different witnesses. It is very manifest therefrom that the defendant's property has something more than cow-pasture value. On the other hand, the estimates of its value must be predicated to some extent upon immediately prospective conditions. In such a case, approximation is the best that witnesses can do in their estimates, and the best that the trial court can do in its finding. We are under the same limitation here. Witnesses on both sides vie in their loyalty to their town. From each side comes the statement that it is the "best in Iowa." It has a population by the last census of 1,890,—the largest in its history. It shows a hopeful growth in the last ten years. It is located upon two lines of railway, which give it direct connections with all points of the compass and with all the largest cities of the United States.

The district court fixed upon a valuation of the property

at $3,600, and assessed the plaintiff with 25 per cent thereof. The proportionate cost of the improvement abutting on plaintiff's property, apportioned according to its frontage, would have amounted to more than $2,500. We are of opinion that the valuation thus fixed by the district court was approximately correct. If we were to increase it or diminish it by $100 or by $200, we should find it exceedingly difficult, on this record, to give a reason why. The result reached in the district court is, in our judgment, the best that human judgment can do, upon this record.

The order will be affirmed on both appeals. Costs of the appeal will be apportioned. The parties will be charged with the printing of their own briefs, respectively, and each with one half of the other costs.—*Affirmed on both appeals.*

STEVENS, C. J., and FAVILLE, KINDIG, and WAGNER, JJ., concur.